UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | Bankruptcy No. 07-71235JAD |
| JOHN J. NEALEN, ) | Chapter 13 |
| ) | |
| Debtor. ) | Doc. Nos. 40, 42 |

## MEMORANDUM ORDER

The matter before the Court is the "Motion to Reinstate" ("Motion") filed by Debtor John J. Nealen ("Nealen"). For the reasons below, the Motion to Reinstate shall be granted; however, upon reinstatement, the case shall nevertheless be dismissed.

### I.

Nealen filed his voluntary Chapter 13 petition on November 2, 2007 *pro se* (Dkt. #1). At the time of his filing, Nealen was provided with a Notice of Filing Deficiencies which indicated the further filings necessary to complete his Chapter 13. (Dkt. #4). Receipt of the Notice of Filing Deficiencies was acknowledged in writing by Nealen on November 2, 2007. (Id.) Nealen's incomplete filings were due November 19, 2007. On November 9, 2007, Nealen filed a motion for extension of time to complete his petition seeking an additional thirty days. (Dkt. #10). An order was entered granting the motion for an additional ten days, until November 29, 2007. (Dkt. #12). On November 21, 2007, Nealen filed motion seeking an

00001923.WPD

additional twenty days to file the mailing matrix. (Dkt. #15.) The court scheduled an expedited hearing for December 14, 2007 on the motion (Dkt. #18) and granted Nealen until January 14, 2008 to complete his filings. (Dkt. #27). The Order provided that failure to comply would result in the immediate dismissal of the case. (Id.) On January 14, 2008, Nealen only partially completed his filings. Accordingly, on January 15, 2008, an Order was entered captioned "Certification of Clerk and Order of Dismissal for Failure to Timely File Schedules". (Dkt. #34). Nealen filed a "Motion to Reinstate" the case (Dkt. #40) on January 28, 2008 along with a "Notice of Appeal to the Third Circuit Court of Appeals". (Dkt. #42). Hearings were scheduled for both matters for February 22, 2008 at 11:00 AM. Nealen failed to appear at the scheduled hearings. Nealen also failed to pay the filing fees required for the motions. The requisite filing fees remain unpaid to date despite a request for payment by the Clerk's Office. (Dkt. ##41 and 43).

## II.

A review of the filings in this case reveals that the order generated by the Clerk's Office is captioned "Certification of Clerk and Order of Dismissal for Failure to Timely File Schedules". The preamble indicates that "some or all of the required documents have not been filed with the Clerk of the Court." (Dkt. #34). The Order then states the case was "administratively closed" and that following the submission of the Trustee's Certification of Conclusion of Chapter 13 Case, the case would be deemed closed without further order of court. (Id.) The

Trustee's Certification of Conclusion of Chapter 13 Case was filed on January 23, 2008. (Dkt. #37.)

An order that administratively closes a case with a timetable by which the case is later deemed closed does not have the same finality as a separate order of dismissal. See e.g., WRS, Inc. v. Plaza Entertainment, 402 F.3d 424 (3d Cir. 2005). In light of the language of the "dismissal" order, to avoid any uncertainty or confusion regarding the status of the above captioned case, the Court will grant the Debtor's Motion to Reinstate the case.

Despite the reinstatement of this case, the Debtor's failure to timely file the requisite documents is nevertheless fatal to his case. Specifically, Nealen failed to file a Certificate of Credit Counseling as required by 11 U.S.C. §109(h). In his filings, Nealen filed an Individual Debtor's Statement of Compliance With Credit Counseling Requirement ("Exhibit D"). Exhibit D provides various options from which a debtor is to indicate his or her credit counseling status, i.e., whether the filer received the counseling, was unable to receive counseling due to exigent circumstances or should be waived from the requirement due to disability or other stated reasons.

In his initial November 2, 2007 filing, it appears that Nealen inadvertently indicated that the requirement should be waived due to disability, incapacity or military duty. However, the box that was originally checked, (Option 4 on Exhibit D at Dkt. #1) was then filled in and another blank box drawn next to it with the

Debtor's initials placed next to it. Even if Nealen had intended to select that option, no motion allowing such a waiver was filed with the Court. In his later filing on January 14, 2008, Nealen indicated that he was unable to receive the counseling due to exigent circumstances meriting a temporary waiver. (Exhibit D at Dkt. #32). However, no Certificate of Exigent Circumstances was ever filed or approved by the Court.

Pursuant to the changes in the Bankruptcy Code enacted by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), a filer is ineligible to be a debtor unless, absent certain exceptions, the debtor has received credit counseling during the 180 day period preceding the date of the filing of the petition and files a "certification" evidencing receipt that such briefing was obtained. 11 U.S.C. §§109(h); 521(b). The requirement for credit counseling was ultimately ignored by Nealen, despite the filing, on two separate occasions, of the form (Exhibit D) setting forth the various options and requirements. In addition, Nealen was provided with a Notice of Deficient Filing from the Clerk's Office which clearly indicated that the credit counseling requirement remained unfulfilled. (Dkt. #4).

Absent a timely Certificate of Credit Counseling or order granting an extension or waiver upon a satisfactory and timely filed Certificate of Exigent Circumstances, Nealen is ineligible to be a debtor pursuant to 11 U.S.C. §109(h). Nealen did not file the Certificate of Credit Counseling since he apparently did not

receive the briefing. Nor did Nealen comply with the requirements of the safe harbor provisions provided in the statute. No Certificate of Exigent Circumstances was filed. See 11 U.S.C. §109(h)(3). Nor was a waiver based on disability, incapacity or military duty ever properly sought. 11 U.S.C. §109(h)(4).

This Court has previously ruled that in order for an exception or waiver to apply, a proper certification must be filed. See In re Miller, 336 B.R. 232 (Bankr. W.D. Pa. 2006). Absent such proper certification, a filer must have complied with the requirements of credit counseling set forth in section 109(h). Where this has not been timely accomplished, the case should be dismissed. See In re Tomco, 339 B.R. 145 (Bankr. W.D .Pa. 2006). This case presents no exception and accordingly, it shall be dismissed.

### III.

Nealen has also filed a "Notice of Appeal to the Third Circuit Court of Appeals, from the Final Order of Judge Jeffrey [sic] A. Deller dated January 15, 2008 dismissing Petitioner's Chapter 13 U.S. Bankruptcy Petition filed November 2, 2007. In forma pauperis." (Dkt. #42). It should be noted that where a proper appeal is pending, this Court would not have jurisdiction to entertain a matter that is the subject of the appeal. See e.g., Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 402 (1982)(" The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case

involved in the appeal"). Nealen has simultaneously filed a Motion to Reinstate and a Notice of Appeal to the Third Circuit Court of Appeals. The Court must first have considered the Motion to Reinstate before it could be determined whether an appeal is necessary or appropriate.

Prior to the changes made applicable by BAPCPA, no direct appeal of a final order entered by a bankruptcy court was available to a circuit court of appeals. Among the changes made by BAPCPA was the ability to seek such a direct appeal. See Fed. R. Bankr. P. 8001(f). The new procedure provides for a certification process for a direct appeal to the court of appeals; however, before a certification for direct appeal can be considered, a timely appealed must be filed in accordance with Fed. R. Bankr. P. 8001.

To the extent that the Notice of Appeal constitutes a Request for Certification to the United States Court of Appeals for the Third Circuit, this Court addresses the request. Assuming timeliness of the notice of appeal, the Notice of Appeal fails to comply with the requirements of Fed. R. Bankr. P. 8001.[1] Nealen filed a Notice of Appeal to the Third Circuit Court of Appeals. Fed. R. Bankr. P. 8001 requires that a Certification be filed in the court where the matter is pending stating that certain circumstances exist. The circumstances which may allow for direct appeal are: a question of law to which there is no controlling decision in the circuit; a question of law that necessitates resolving conflicting decisions or that

---

[1] For purposes of this decision, the court need not decide the timeliness of this appeal.

the appeal may advance the progress of the case. 28 U.S.C. §158(d)(2)(A)(i) - (iii).

None of the requisite circumstances for certification have been pled or exist in the present case. Nor were the other provisions of Fed. R. Bankr. P. 8001(f)(3) met. Those provisions require that a certification be timely filed which includes: the facts necessary to understand the question presented, the question itself, the relief sought, the reasons why the appeal should be allowed including the special circumstance that exists and a copy of the relevant order. No separate certification was filed nor was any of the above information provided.

Even if the certification procedure established by 8001(f) had been properly followed, the dismissal of this case due to debtor's failure to complete the statutorily proscribed requirements would not meet the standard set forth in 28 U.S.C. §158(d)(2)(A)(i)-(iii) warranting direct appeal to the United States Court of Appeals for the Third Circuit.

Moreover, Nealen was appealing the order "dismissing" his case. His Motion to Reinstate the Case, however, is being granted simultaneously in this Memorandum Order.

For all of the above reasons, the Court finds that to the extent that the Notice of Appeal constitutes a Request for Certification for a direct appeal to the Untied States Court of Appeals for the Third Circuit, the request is moot and it shall be dismissed.

## IV.

For the reasons expressed above, this 19th of **March, 2008**, the Court hereby **ORDERS, ADJUDGES** and **DECREES** that the Motion to Reinstate is **GRANTED**; however, a separate order of dismissal shall be entered.

It is further **ORDERED** that to the extent that the Notice of Appeal constitutes a Request for Certification for a direct appeal to the United States Court of Appeals for the Third Circuit, it is **DISMISSED** as **moot**.

_____
Jeffery A. Deller
U.S. Bankruptcy Judge

case administrator to serve:

John J. Nealen
Ronda J. Winnecour, Esq.

**FILED**

**MAR 1 8 2008**

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA